UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **KENNETH C. KUDELA, et al.,** ) | **CASE NO. 1:10CV999** |
| ) | |
| **Plaintiffs,** ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| vs. ) | <u>**OPINION AND ORDER**</u> |
| ) | |
| **JAMES J. KOCON, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

This matter comes before the Court upon the Motion (ECF DKT #32) of Plaintiffs for Partial Summary Judgment.  For the following reasons, the Motion is granted

**I. FACTUAL BACKGROUND**

On May 4, 2010, the above-captioned case was filed by Kenneth C. Kudela, *et al.*, Trustees of Bricklayers and Masons' Local Union No.5 Funds ("Trustees"), to enforce the obligation to make contributions, satisfy delinquencies, and pay liquidated damages plus interest under the 2005 Collective Bargaining Agreement ("CBA"), for the period from November 1, 2009 going forward, against James J. Kocon, Kocon Masonry LLC, Jim Kocon Construction, Inc., and Jim Kocon Masonry Inc.  At ¶ 15 of the instant Complaint, the

Trustees allege:

> Jim Kocon Construction, Inc., Jim Kocon Masonry Inc., and James J. Kocon are "alter egos" of Kocon Masonry LLC as set forth under ERISA, 29 U.S.C. 1145 *et seq*. and are liable for contributions otherwise imposed upon Kocon Masonry LLC.

Defendant James J. Kocon filed his Answer, Counterclaims and Third-Party Complaint on May 27, 2010.  (ECF DKT #4).  He asserts, as affirmative defenses, that he rejected any executory contract with the Trustees, and was discharged from any liability to the Trustees, in his Chapter 7 Bankruptcy Case No. 09-19921, filed on October 20, 2009.  His Counterclaims allege violations of the discharge injunction in 11 U.S.C. § 727 of the Bankruptcy Code.  On September 13, 2010, Defendant James J. Kocon moved for summary judgment in his favor, arguing that the Trustees' claims are barred by his bankruptcy discharge.  On August 29, 2011, the Court issued an Opinion and Order, denying Kocon's Motion for Summary Judgment.

On April 11, 2012, Plaintiff Trustees filed this Motion for Partial Summary Judgment, "focused solely on the question of liability of Defendant James J. Kocon predicated upon the ERISA alter ego doctrine, whereby James Kocon is bound legally, in the time period at issue in this action, for the reporting and contributions of the corporation that was signatory to the applicable collective bargaining agreement to the various benefit funds and trusts associated with Bricklayers No.5, Ohio."   (ECF DKT #32, p.1).  Defendant's Brief in Opposition (ECF DKT #33) was filed on April 27, 2012.  Plaintiffs' Reply Brief (ECF DKT #34) was filed on May 7, 2012.  Defendant filed a Brief in Response to Plaintiffs' Reply (ECF DKT #35), without leave of Court, on May 10, 2012.

## II. LAW AND ANALYSIS

### Civil Rule 56 Standard

A summary judgment shall be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The burden is on the moving party to conclusively show no genuine issue of material fact exists, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy. Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir.1994). The moving party must do so by either pointing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials" or by "showing that the materials cited (by the adverse party ) do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B). A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986). Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.

This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass 'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir.1992). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute,"

*Bias v. Advantage*, 905 F.2d 1558, 1563 (D.C. Cir.1990); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment.  *Celotex*, 477 U.S. at 323.  Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir.2003)(quoting *Anderson*, 477 U.S. at 251-52).

**Law-of-the-case doctrine**

"Under the law-of-the-case doctrine, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation.  *See United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir.1994)."  *Rouse v. DaimlerChrysler Corporation UAW*, 300 F.3d 711, 715 (6th Cir.2002).  "Issues decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition, constitute the law of the case." *Hanover Ins. Co. v. American Eng'g Co.*, 105 F.3d 306, 312 (6th Cir.1997) (*quoting Coal Resources, Inc. v. Gulf & Western Ind.*, 865 F.2d 761, 766, opinion amended on denial of reh'g, 877 F.2d 5 (6th Cir. 1989)).  The doctrine involves reconsideration of an issue the court already decided in the same proceedings.  *Gillig v. Advanced Cardiovascular Sys., Inc.*, 67 F.3d 586, 589 (6th Cir. 1995).  However, it is "directed to a court's common sense" and is not meant to be an "inexorable command."  *Hanover*, 105 F.3d at 312 (citing *Petition of U.S. Steel Corp.*, 479 F.2d 489, 494 (6th Cir.1973)).  "It is within the sole discretion of a court to determine if a prior ruling should be reconsidered."  *United States v. Todd*, 920 F.2d 399, 403

(6th Cir.1990).  As a general rule, courts will decline to reconsider a previously determined issue, except:

> (1) where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice." *Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir.2006) (citing *Hanover*, 105 F.3d at 312).

In their Motion for Partial Summary Judgment, the Trustees contend that Kocon, in his individual and personal capacity, is obligated to report and make contributions under the CBA, by application of the ERISA alter ego doctrine.  "The alter ego doctrine was developed to prevent employers from evading obligations under the Act merely by changing or altering their corporate form."  *Yolton v. El Paso Tennessee Pipeline Co.*, 435 F.3d 571, 585-587 (6th Cir.2006) (citing *Howard Johnson Co. v. Detroit Local Joint Executive Board*, 417 U.S. 249, 259 (1974) and *NLRB v. Fullerton Transfer & Storage Limited, Inc.*, 910 F.2d 331, 336 (6th Cir.1990)).  Referencing deposition testimony of Tanya and James Kocon, the Trustees argue that the evidence demonstrates substantially identical business purposes for Kocon and the original signatory to the CBA, Kocon Masonry LLC.  Further, the Trustees provide evidence revealing that Kocon and Kocon Masonry LLC share common operations, common equipment, common customers, common management, common financial control, common financial institutions, common jobsites, common ownership, and identical office locations.  The Trustees, therefore, ask the Court to find that Kocon is a "disguised continuation of the old employer," who should be prohibited from avoiding his CBA Trust Fund obligations.

In his Opposition, (and in his Brief in Response to Plaintiffs' Reply, which the Court is

not bound to consider), Kocon argues that the Trustees' claims are barred by the discharge injunction, provided in the U.S. Bankruptcy Code, 11 U.S.C. § 524. Kocon filed a Voluntary Petition for Chapter 7 Bankruptcy on October 20, 2009, and received a discharge on January 25, 2010. Kocon insists that the Trustees' claims rely upon pre-bankruptcy behavior, and were existing claims on the date of his bankruptcy filing. He contends that any right to payment which arises prior to the bankruptcy constitutes a pre-petition debt. Thus, Kocon's January, 2010 bankruptcy discharge, pursuant to 11 U.S.C. § 524, operates to stay any attempt to hold him personally liable for contributions under the 2005 CBA. The Court notes that Kocon based his September 13, 2010 Motion for Summary Judgment, in great measure, on the same legal argument.

The Court is constrained to quote its earlier decision, of August 29, 2011, denying Kocon's Motion for Summary Judgment, which remains unchallenged by any party.

> Therefore, the Court finds there was no executory contract listed for the Trustee to assume or reject (or that could be automatically deemed rejected) under 11 U.S.C. § 365. By not designating any claim on behalf of the Trustees as contingent, Kocon did not provide the Trustees with notice such as would trigger their obligation to object to dischargeability. The Trustees admittedly did not oppose Kocon's discharge from the 2009 judgment debt. The claims asserted in the above-captioned Complaint are to enforce the alleged personal obligation of James J. Kocon to make contributions, satisfy delinquencies, and pay liquidated damages plus interest under the CBA, ***for the period from November 1, 2009 going forward***. **As such, they were not discharged; the purported executory contract was not rejected; and the Trustees are not enjoined from pursuing enforcement of the 2005 CBA.**

(ECF DKT #23, p.8).

This Court clearly determined that the Trustees' claims in the within Complaint, for obligations against Kocon individually, under the CBA for the period from November 1, 2009 going forward, were not discharged. Moreover, the Court's Opinion held that the Trustees

were not barred by the Bankruptcy Code's discharge injunction. Applying the law-of-the-case doctrine, the Court declines to reconsider its previous ruling. Kocon has not offered substantially different evidence; has not provided contrary law decided by a controlling authority; and has not convinced the Court that its prior decision was clearly erroneous and would work a manifest injustice.

### III. CONCLUSION

For the foregoing reasons, the Motion (ECF DKT #32) of Plaintiffs for Partial Summary Judgment is granted; and Defendant, James J. Kocon is liable for the contributions and delinquencies owed by the signatory, Kocon Masonry LLC, to the Trustees of Bricklayers and Masons' Local Union No.5 Funds, pursuant to the CBA for the period of November 2009 through October 2011 inclusive. By separate Order, the Court will set a conference to discuss further proceedings and schedule remaining dates in the captioned matter.

**IT IS SO ORDERED.**

s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: January 23, 2013**